**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-12985

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

EDUARDO EMILIO ORTIZ-CERVANTES,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:14-cr-00394-SDM-AEP-7

————————————

Before JORDAN, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Eduardo Emilio Ortiz-Cervantes, proceeding pro se, appeals the district court's denial of his motion to reduce his sentence, under 18 U.S.C. § 3582(c)(1)(A)(i). Ortiz-Cervantes argues that the

district court erred by applying the incorrect version of the Sentencing Guidelines, by not finding that his medical circumstances were extraordinary and compelling reasons for a sentence reduction, and by incorrectly calculating the length of his time incarcerated.

We review de novo a defendant's eligibility for relief under 18 U.S.C. § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *Id*. A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, makes clearly erroneous factual findings, or commits a clear error of judgment. *United States v. Harris*, 989 F.3d 908, 911-12 (11th Cir. 2021). Abuse of discretion review "means that the district court had a range of choice and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id*. at 912 (citation modified). "A factual finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011) (citation modified).

We review issues raised for the first time on appeal for plain error. *United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020). To establish plain error, "an appellant must show that: (1) an error occurred; (2) the error was plain; (3) it affected his substantial

rights; and (4) it seriously affected the fairness of the judicial proceedings." *United States v. Pena*, 684 F.3d 1137, 1151 (11th Cir. 2012). "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). We liberally construe pro se filings. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). An argument must be "plainly and prominently" raised on appeal for us to not consider it abandoned. *United States v. Corbett*, 921 F.3d 1032, 1043 (11th Cir. 2019) (quoting *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014)).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). A district court may reduce a term of imprisonment under § 3582(c)(1)(A) "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotation marks omitted). The district court may consider these factors in any order, and the absence of any of the three forecloses a sentence reduction. *See id.* at 1237-38. A district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public. *Giron*, 15 F.4th at 1347-48.

The Sentencing Commission has defined several "extraordinary and compelling reasons" for reducing a term of imprisonment under § 3582(c)(1)(A). *See* U.S.S.G. § 1B1.13(b). A defendant's medical circumstances constitute an extraordinary and compelling reason where, in relevant part, (A) "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory)," such as "metastatic solid-tumor cancer," "end-stage organ disease," and "advanced dementia," though a specific prognosis of life expectancy is not required; (B) the defendant is "suffering from a serious physical or medical condition," "suffering from a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process," and this "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover;" (C) the "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death;" or (D) the correctional facility housing the defendant is "affected or at imminent risk of being affected by" an infectious disease outbreak or declared public health emergency, "at increased risk of suffering severe medical complications or death" from contracting the infectious disease, and the "risk cannot be adequately mitigated in a timely manner." *Id.* § 1B1.13(b)(1)(A)-(D).

The age of the defendant may constitute an extraordinary and compelling reason where "[t]he defendant (A) is at least 65

years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* § 1B1.13(b)(2).

Here, the district court did not err in denying Ortiz-Cervantes's motion for compassionate release. Ortiz-Cervantes did not raise in the district court his argument that he should have been deemed to have served at least 10 years or 75 percent of his term of imprisonment under U.S.S.G. § 1B1.13(b)(2) because this calculation should account for good credit time, so this Court should review that argument only for plain error. *Innocent*, 977 F.3d at 1081. Under that standard, Ortiz-Cervantes cannot show that the district court plainly erred in calculating Ortiz Cervantes's time in prison because Ortiz-Cervantes cites no on-point binding precedent showing that a district court errs by not sua sponte including good credit time when calculating imprisonment time. *Pena*, 684 F.3d at 1151.

Second, Ortiz-Cervantes's argument that the district court applied the incorrect version of the Sentencing Guidelines fails. While the district court first cited "1B1.13(b)(1)" in a footnote to support that Ortiz-Cervantes did not meet the requirements for compassionate release based on age, the district court stated the requirements from and subsequently quoted the correct subsection in the 2023 Sentencing Guidelines. U.S.S.G. § 1B1.13(b)(2). In light of the fact that the district court properly cited to and applied the 2023 Sentencing Guidelines in the remainder of the order, the citation to § 1B1.13(b)(1) appears to be merely a typographical error.

Finally, Ortiz-Cervantes has not made any specific arguments on appeal as to why the district court erred in determining his medical conditions did not amount to extraordinary and compelling reasons warranting compassionate release and thus has abandoned any such challenge, which is grounds alone for this Court to affirm. *Corbett*, 921 F.3d at 1043. Nevertheless, the district court did not err for four reasons. First, the district court did not err because none of Ortiz-Cervantes's medical conditions amounted to a terminal illness with an "end-of-life trajectory" that would satisfy § 1B1.13(b)(1)(A). Second, Ortiz-Cervantes is not suffering from a condition, impairment, or physical or mental deterioration caused by aging that would diminish his ability to provide self-care that would satisfy § 1B1.13(b)(1)(B) because he did not allege any information about how his conditions reduced his capacity for self-care. U.S.S.G. § 1B1.13(b)(1)(B). Rather, based on the evidence provided by the government, the district court correctly found that Ortiz-Cervantes could still perform necessary daily tasks for self-care. *Id.* Third, while Ortiz-Cervantes stated in his motion that his blindness and spinal issues were untreated and he may become fully blind and be confined to a wheelchair, the district court did not err in finding that he did not provide anything to support that the BOP was not providing necessary treatment based on the medical records provided. *Harris*, 989 F.3d at 911; U.S.S.G. § 1B1.13(b)(1)(C). Finally, the district court did not err in finding that Ortiz-Cervantes's argument that he was susceptible to being infected with COVID-19 did not satisfy § 1B1.13(b)(1)(D) because the BOP had procedures to adequately mitigate outbreaks of COVID-

19, of which this Court may take judicial notice. *Harris*, 989 F.3d at 911; U.S.S.G. § 1B1.13(b)(1)(D); FED. BUREAU OF PRISONS, MODIFIED OPERATIONS MATRIX (2022); FED. BUREAU OF PRISONS, Inmate COVID-19 Data (last visited Dec. 15, 2025). Accordingly, we affirm the district court's denial of Ortiz Cervantes's § 3582(c)(1)(A) motion for compassionate release.

**AFFIRMED.**